UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN C. MILNES, | ) |
| Plaintiff, | ) No. CV-08-101-JPH<br>)<br>) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT<br>) |
| MICHAEL J. ASTRUE, Commissioner<br>of Social Security, | )<br>) |
| Defendant. | )<br>) |

   BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on October 6, 2008. (Ct. Rec. 10, 13). Attorney Clifford King B'Hymer represents Plaintiff; Special Assistant United States Attorney David M. Blume represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 5.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 13) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 10.)

**JURISDICTION**

   Plaintiff filed applications for SSI benefits and disability insurance benefits (DIB) in April of 2005  (Tr. 48-50, 236-239),

amended at hearing for a closed period from March 1, 2005, through September 30, 2007. (Tr. 12, 20.) The applications were denied initially and on reconsideration. (Tr. 26-26A, 28-30.) Administrative Law Judge (ALJ) Hayward C. Reed held a hearing on October 31, 2007. (Tr. 245-295.) Plaintiff, represented by counsel, medical expert Allen Bostwick, Ph.D., and vocational expert Polly Peterson testified. On November 26, 2007, the ALJ issued a decision finding that plaintiff was not disabled. (Tr. 20.) The Appeals Council denied a request for review on February 28, 2008. (Tr. 4-6.) Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on March 26, 2008. (Ct. Rec. 1.)

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both Plaintiff and the Commissioner, and will only be summarized here.

Plaintiff was 21 years old at onset and 23 when the closed period ended. He has a high school education and one year of college. (Tr. 48, 155.) Plaintiff has past relevant work as an automobile detailer, furniture salesperson and deliverer, groundskeeper, short order cook and dishwasher, retail salesman, and pizza maker. (Tr. 53, 58, 264, 268, 272, 274-275.) He alleges disability as of March 1, 2005, due to depression, bipolar disorder, attention deficit hyperactivity disorder (ADHD), post traumatic stress disorder (PTSD), and back pain

. (Tr. 52-53.)

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination

of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past.  If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered.  If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work.  The burden

then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 5 -

evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### ALJ'S FINDINGS

At the outset, the ALJ found plaintiff met the DIB requirements through June 30, 2006. (Tr. 14.) At step one the ALJ found that plaintiff has not engaged in substantial gainful activity during the closed period of March 1, 2005 through September 30, 2007, although he made unsuccessful work attempts. (*Id.*) At steps two and three, the ALJ found that plaintiff suffers from back pain and depression, impairments that are severe but which do not alone or combination meet or medically equal a

Listing impairment. (Tr. 14-16.) Prior to step four, the ALJ found plaintiff is physically able to perform medium exertion work. Plaintiff's mental impairments cause moderate impairment in two areas, the ability to maintain attention and concentration for extended periods and to interact appropriately with the general public. (Tr. 17.) The ALJ found plaintiff less than completely credible. (Tr. 18.)

At step four, relying on the VE's testimony, the ALJ found plaintiff is able to perform his past work an automobile detailer, groundskeeper, and furniture deliverer. (Tr. 20.) Because the ALJ found plaintiff capable of performing past work, he was not disabled and there was no need to continue to step five. Accordingly, the ALJ found that plaintiff is not disabled as defined by the Social Security Act.

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of law by failing to properly credit (1) the March 22, 2005, opinion of examining mental health nurse practitioner Margaret Ann Rose, ARNP; (2) the March 28, 2006, opinion of examining psychologist Rebecca Alexander, Ph.D.,; and (3) the November 3, 2006, opinion at intake of treating professional Ann Marie Ridinger, MSW. (Ct. Rec. 12 at 2-4, 6-9.) Plaintiff alleges the ALJ improperly credited the opinion of the testifying expert, whose opinion was entitled to less weight.

The Commissioner responds that the ALJ appropriately weighed the medical evidence of psychological impairment and asks the Court to affirm his decision. (Ct. Rec. 14 at 6-9).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 7 -

**DISCUSSION**

**Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830.

If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

Plaintiff contends that the ALJ failed to give clear and convincing reasons for rejecting the opinion of treatment provider Ms. Ridinger that, at intake in November of 2006, plaintiff's assessed GAF was 46[1]. Assuming for the sake of argument that Ms. Ridinger is an acceptable medical source, the Commissioner is correct that because Ms. Ridinger's opinion is contradicted, the ALJ was required to give specific and legitimate, rather than clear and convincing, reasons for rejecting it.

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible. (Tr. 18.) Credibility determinations bear on

---

[1]A GAF (Global Assessment of Functioning) of 46 indicates serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job). DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS FOURTH EDITION (DSM -IV), at p. 32.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 9 -

evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when assessing credibility: the extent of plaintiff's activities, inconsistent statements, lack of mental health treatment, and failure to follow through with recommended treatment. (Tr. 18.) The ALJ notes plaintiff's activities in June of 2005 including working at a golf course over the summer; a month earlier, in May of 2005, plaintiff "alleged he could no longer work because he had "intolerable pain in his joints, back, and neck, and he was suffering from severe depression and anxiety." (Tr. 18, comparing Exhibit 1/92f with

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 10 -

Exhibit 1/32E.)  After Ms. Ridinger's November 2006 intake opinion (Tr. 179-183), the ALJ notes plaintiff failed to follow through with treatment.  (Tr. 15, referring to Tr. 183.)  The ALJ observes that if plaintiff's mental health problems were not severe enough to motivate him to seek treatment, "it is difficult to accept his assertion that they were disabling."  (Tr. 18.)  Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints.  20 C.F.R. §§ 404.1530, 426.930; Fair v. Bowen, 885 F. 2d 597, 603 (9th Cir. 1989).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities).

The ALJ credited some but not all of the March 28, 2006, opinion of examining psychologist Dr. Alexander:

> The undersigned finds that the marked limitations noted by Dr. Alexander are not supported by the record to be long term problems.  Dr. Alexander found that the claimant had the cognitive capacity to be successful in the workplace if he was motivated.  She recommended that the claimant pursue counseling and treatment with psychotropic medications[2], and participate in vocational rehabilitation.  She also suggested that the claimant may be claiming to be depressed in an attempt to receive secondary gain.  Exhibit 1/52F.  The undersigned gives more weight to the assessment of Dr. Bennett who

---

[2] The record shows that plaintiff in general experienced a greater sense of well-being when on celexa.  He reported to treating physician Patrick Clark, M.D., that when he missed his medication, people notice it because he is more irritable or frustrated.  (Tr. 203.)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                - 11 -

> found that with treatment, the claimant's depression
> would improve within 12 months and the claimant was
> currently able to sustain a normal workday and workweek.
> Exhibit 1/68F.

(Tr. 19.)

The ALJ relied on the testimony of Dr. Bostwick in assessing the medical evidence. (Tr. 16-20.) Dr. Bostwick reviewed the record and opined that plaintiff's primary diagnosis is a depressive disorder. (Tr. 247-248.) He agreed with examining psychologist Dr. Alexander and examining psychiatrist Russell Bennett, M.D., that plaintiff's symptoms do not meet the criteria for bipolar disorder, nor for ADHD. (Tr. 250.) The ALJ notes Dr. Bennett's July 2005 opinion that plaintiff's PTSD was resolving. (Tr. 15, referring to Tr. 176: "Probable history of resolving post traumatic stress disorder."] Dr. Bostwick opined that plaintiff's depressive disorder results in, at most, a moderate limitation in the ability to maintain attention, concentration and persistence for extended periods, and in the ability to interact appropriately with the general public. (Tr. 253-254.)

The ALJ relied on evidence in addition to the testimony of the nonexamining medical expert in rejecting some of the other medical opinions, specifically, the opinion of examining psychiatrist Dr. Bennett, and his assessment of plaintiff's credibility, both specific and legitimate reasons. *See Magallanes*, 881 F. 2d at 751-52 (9th Cir. 1989); *Andrews*, 53 F. 3d at 1042-43 (9th Cir. 1995).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989). It is the role of the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 12 -

1  trier of fact, not this court, to resolve conflicts in evidence.
2  *Richardson*, 402 U.S. at 400.  The court has a limited role in
3  determining whether the ALJ's decision is supported by substantial
4  evidence and may not substitute its own judgment for that of the
5  ALJ, even if it might justifiably have reached a different result
6  upon de novo review.  42 U.S.C. § 405 (g).
7     The ALJ provided clear and convincing reasons supported by
8  the record for finding plaintiff's allegations not fully credible.
9  The ALJ weighed the medical evidence and failed to adopt some of
10 the opinions of some treating and examining professionals.
11 Instead, the ALJ relied on the opinions of other examining and
12 consulting physicians and on his assessment of plaintiff's
13 credibility.  The ALJ's assessment of the
14 medical and other evidence is supported by the record and free
15 of legal error.

16                          **CONCLUSION**

17    Having reviewed the record and the ALJ's conclusions, this
18 court finds that the ALJ's decision is free of legal error and
19 supported by substantial evidence..
20    **IT IS ORDERED:**
21    1. Defendant's Motion for Summary Judgment **(Ct. Rec. 13)** is
22 **GRANTED.**
23    2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 10)** is
24 **DENIED.**
25    The District Court Executive is directed to file this Order,
26 provide copies to counsel for Plaintiff and Defendant, enter
27 judgment in favor of Defendant, and **CLOSE** this file.
28    DATED this 29th day of October, 2008.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 13 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

          s/ James P. Hutton

           JAMES P. HUTTON
       UNITED STATES MAGISTRATE JUDGE